**Daniel E. SCHRAMEK and Thomas Delor, Plaintiffs,**

v.

**Paula Corbin JONES, Defendant.**

**No. 94–868–CIV–T–17.**

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 21, 1995.

---

**4.** The corporation in *Distler* had wound down   nine years previously. *Distler,* at 647.

Daniel E. Schramek, pro se.

Thomas Delor, pro se.

Joseph Cammarata, Gilbert K. Davis, Gilbert K. Davis & Associates, Fairfax, VA, and Richard L. Cox, Jr., Law Office of Richard L. Cox, Jr., Tampa, FL, for defendant.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's Motion to Dismiss, (Docket No. 15) filed November 16, 1994, and Plaintiffs' Response to Defendant's Motion to Dismiss, filed on January 26, 1995.

■ A trial court, in ruling on a motion to dismiss for lack of standing, must accept all material allegations of the complaint as true, and must construe the complaint in favor of the plaintiff. *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206–07, 45 L.Ed.2d 343 (1975), *citing Jenkins v. McKeithen*, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404, *reh'g denied*, 396 U.S. 869, 90 S.Ct. 35, 24 L.Ed.2d 123 (1969).

### FACTS

On May 6, 1994, defendant, Paula Corbin Jones (hereafter "Jones"), brought an action, in the State of Arkansas, against William Jefferson Clinton, President of the United States. Jones sought redress for alleged deprivation of her constitutional rights and privileges pursuant to 42 U.S.C. § 1983, conspiracy to deprive persons of Equal Protection of the laws pursuant to 42 U.S.C. § 1985, intentional infliction of emotional distress, and defamation. The action stems from the alleged sexual harassment of Jones by then-Governor Clinton.

On May 27, 1994, plaintiffs in the instant case, Daniel Schramek and Thomas Delor (hereafter "plaintiffs"), filed a *pro se* complaint against Jones alleging malicious and tortious interference with contract and a request for injunctive relief. Plaintiffs allege that Clinton, as the President of the United States, has a contract with the citizens of the United States to serve as the Chief of State, Chief Executive Officer, Chief of Staff of the United States, and Commander in Chief of the Military. Plaintiffs further allege that the civil lawsuit filed by Jones against President Clinton maliciously and tortiously interfered with the alleged contract between President Clinton, plaintiffs, and the citizens of the United States. Additionally plaintiffs claim that the filing of the lawsuit caused grievous harm and injury to the President and his family. Allegedly, Jones' lawsuit required a significant amount of the President's time and attention. Thus, the President may not govern effectively, because he cannot devote time and energy he would otherwise spend on affairs of state. Therefore, the President cannot fulfill his alleged contract with the plaintiffs and citizens of the United States.

On November 16, 1994, Jones filed a motion to dismiss the instant action, with prejudice, pursuant to Rule 12(b), Federal Rules of Civil Procedure, on the following grounds:

1. The court lacks jurisdiction over the subject matter.

2. The court lacks personal jurisdiction over defendant.

3. Plaintiffs do not have standing.

4. Venue is improper; and

5. The complaint fails to state a claim against defendant upon which relief can be granted.

Because plaintiffs have clearly failed to offer facts demonstrating standing to sue, the Court grants defendant's motion to dismiss, with prejudice, due to lack of standing. Therefore, the Court does not find it necessary to address the other grounds for dismissal presented by the plaintiffs.

### DISCUSSION

■ To have standing to maintain suit in federal court, Article III of the United States Constitution mandates that plaintiffs establish a "case or controversy" against defendant. A plaintiff establishes a "case or controversy" by demonstrating the following:

1. Plaintiff has suffered actual or threatened injury at the hands of defendant.

2. The injury can be traced to alleged unlawful conduct of defendant, and;

3. The injury will likely be redressed by the requested relief.

*Smith v. Meese,* 821 F.2d 1484, 1493 (11th Cir.1987), *reh'g denied,* 835 F.2d 291 (11th Cir.1987). *See also Herlihy v. Ply–Gem Industries, Inc.* 752 F.Supp. 1282, 1290 (D.Md. 1990).

■ As to step one of the analysis, plaintiff must suffer or be threatened with "injury in fact." Abstract injury is not enough. Plaintiff must show "he has sustained or is immediately in danger of sustaining some 'direct injury' as the result of the challenged official conduct, and the injury or threat of injury must be both 'real and immediate' not 'conjectural' or 'hypothetical'." *City of Los Angeles v. Lyons,* 461 U.S. 95, 101–102, 103 S.Ct. 1660, 1664–1665, 75 L.Ed.2d 675 (1983).

Plaintiffs have not alleged any specific injuries that they have suffered directly as a result of defendant's actions. Furthermore, plaintiffs argument that the functions of government will be severely impeded by the initiation of this single civil lawsuit is strained. There are many government officials, in addition to the President, who have the responsibility and capability to carry out government functions. In general:

> [F]ederal standing requires an allegation of a present or immediate injury in fact, where the party requesting standing has 'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of the issues.' There must be some causal connection between the asserted injury and the challenged action, and the injury must be of the type 'likely to be redressed by a favorable decision.'

*Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 804, 105 S.Ct. 2965, 2970, 86 L.Ed.2d 628 (1985), *citing Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962).

A demonstrable causal connection must be shown between Jones' case and plaintiffs' interest as American citizens. Merely asserting their American citizenship is not enough to demonstrate a stake in the lawsuit between Jones and Clinton.

Where a plaintiff cannot show that it has suffered an "injury in fact" for which it may seek legal redress, rather than being a "concerned bystander" to someone else's injury, it has no right to invoke the jurisdiction of the federal court. *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 473, 102 S.Ct. 752, 759, 70 L.Ed.2d 700 (1982). Thus, the plaintiffs cannot seek redress for injury that they allege the President and his family suffered as a result of Jones' lawsuit, as such alleged injury does not have a direct effect on the plaintiffs in the instant case.

■ A plaintiff must proffer specific facts that establish its' actual or imminent injury; if those facts are not established, then neither is the litigant's right to sue. *Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976). Plaintiffs, in the instant case, allege that their welfare, and that of the nation is at immediate risk. Plaintiffs assert that defendant's civil action interferes with the President's alleged contractual obligation to serve and protect the plaintiffs' security interest twenty-four (24) hours per day against a foreign threat. But, plaintiffs cannot show the occurrence of any particular harm or injury specific to them. Furthermore, plaintiffs fail to allege any specific incident that has threatened the safety of plaintiffs or of the American people since the initiation of Jones' lawsuit against Clinton. Plaintiff further alleges that the President's credibility has been weakened on the areas of trade and political relations with other countries. Again, plaintiffs fail to allege any specific acts that have caused direct harm.

Plaintiffs' allegation that the lawsuit may interfere with Clinton's duties as President is obviously a question of threatened injury as opposed to actual injury. No demonstration of a tangible injury to plaintiffs has been made. The threat of injury from the alleged course of conduct they attack is simply too remote to satisfy the case or controversy requirement and permit adjudication by a federal court. *City of Los Angeles v. Lyons,*

461 U.S. 95, 101–102, 103 S.Ct. 1660, 1664–1665, 75 L.Ed.2d 675 (1983). Therefore, this Court assumes that no direct injury has been suffered by plaintiffs. Thus, the first prong of the test of standing has not been met.

As to the second prong of the standing test, there is nothing unlawful about bringing a lawsuit against the President of the United States for matters falling outside the scope of his official duties. *See e.g., Nixon v. Fitzgerald,* 457 U.S. 731, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982); *Jones v. Clinton, et. al.,* 869 F.Supp. 690 (E.D.Ark.1994). The *Jones* court had the opportunity to address the appropriateness of the suit against the President. In a lengthy opinion, the court decided that suit may be brought against the President for acts arising prior to his tenure as President, provided they were unrelated to his official capacity as President. Thus, Jones' action in filing suit against the President is not "unlawful conduct" as anticipated by the second prong of the tripartite standing test.

However, the U.S. District Court for the Eastern District of Arkansas concluded that Jones' action against President Clinton will not be tried until he leaves office, to prevent potential interference with his Presidential duties:

> To protect the Office of President, however, from the potential harm that could result from unfettered civil litigation, and to give effect to the policy of separation of powers, it is necessary to provide that the President cannot be tried in the context presented he until he leaves office.

*Jones v. Clinton,* 869 F.Supp. 690 (E.D.Ark. 1994).

Thus, any threat of future harm has been prevented by the ruling of the district court in Arkansas. Furthermore, because the lawsuit brought by Jones is pending in the court of another jurisdiction, no action that could be taken by this Court could properly redress any injuries that the plaintiffs are allegedly suffering. This Court does not have the power to enjoin the eventual adjudication of the lawsuit in the Eastern District of Arkansas. Thus, the third and final prong of the standing test is not met.

In summary, plaintiffs' demonstrations do not rise to the level of specificity required in *Smith v. Meese, supra.* Plaintiffs have not set forth the requisite facts to substantiate their claim for standing. Therefore, the action must be dismissed. The Court does not find it necessary to address the other arguments asserted in its motion to dismiss because plaintiffs clearly do not possess the standing to bring suit in this matter. Accordingly it is,

**ORDERED** that Defendant, Paula Corbin Jones' motion to dismiss (Docket No. 15) be **GRANTED,** with prejudice for lack of standing, and the Clerk of Court be DIRECTED to enter judgment for the defendant, Paula Corbin Jones.

**DONE AND ORDERED.**